**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW OZGA, | No. C 09-05112 JSW |
| Plaintiff, | **ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT; (2) GRANTING IN PART PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS** |
| v. | |
| U.S. REMODELERS, INC., | |
| Defendants. | |

## INTRODUCTION

Now before the Court for consideration are the Motions for Approval of Class Action Settlement and for Approval of Attorneys' Fees and Costs and Service Awards. Defendants do not oppose the motion. Having considered Plaintiff's papers, the lack of opposition from Defendant, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court HEREBY GRANTS Plaintiff's Motion for Approval of Class Action Settlement and GRANTS IN PART Plaintiff's Motion for Approval of Attorneys' Fees and Costs.

## BACKGROUND

On February 17, 2009, Plaintiff filed this class action in the Superior Court of California for the County of Alameda and alleged that Defendant U.S. Remodelers Inc. ("Defendant") violated the California Labor Code and violated California Industrial Welfare Commission Wage Orders by: (1) requiring its Installer employees to work substantial amounts of time

without compensation; (2) regularly failing to provide Installers with meal and rest periods; and (3) refusing to reimburse expenses that Installers incurred in the performance of their work duties, including travel expenses and equipment costs. (*See* Docket No. 1 (Notice of Removal, Ex. A (Complaint).)

On October 27, 2009, Defendant removed the action to this Court, and Plaintiff subsequently moved to remand. However, before the hearing on the motion to remand, the parties notified the Court that they had reached a settlement, which was facilitated, in part, by a mediation that occurred on October 1, 2009, before Michael Loeb, and by the parties' continued arms-length negotiations. (*See, e.g.,* Declaration of Sharon J. Carson in Support of Plaintiff's Motion for Approval of Attorneys' Fees and Costs and Service Awards ("Carson Decl."), ¶ 7.) The parties also engaged in some discovery, and Class Counsel interviewed a number of Settlement Class members. (*Id.* ¶ 5.)

On February 26, 2010, the Court granted Plaintiff's motion for preliminary approval of the Settlement and notice was sent to the class. On July 2, 2010, Plaintiff filed his motion for final approval and for attorneys' fees. The parties appeared for a hearing on August 6, 2010.

## ANALYSIS

**A.     The Motion for Final Approval is Granted.**

Federal Rule of Civil Procedure 23 permits settlement of class claims only with court approval. Fed. R. Civ. P. 23(e). Where, as here, the parties settle their claims before the class has been certified, courts "must peruse the proposed compromise to ratify both (1) the propriety of the certification and (2) the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Thus, the Court's first task is to determine whether the settlement class satisfies the requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The Court finds the parties have established that certification is proper. There are 270 Class Members, who all worked for the same employer and had similar job responsibilities. Defendant purportedly subjected to the Class Members to the same wage and hour violations. Further, Plaintiff's claims are co-extensive with that of the Class Members, in that he seeks relief for

1  unpaid regular and overtime wages and for Defendant's failure to provide rest and meal breaks.
2  Finally, the Court concludes that the record establishes that Plaintiff and counsel vigorously
3  represented the interests of the Class Members. (*See, e.g.,* Declaration of Matthew Ozga in
4  Support of Plaintiff's Motion for Approval of Attorneys' Fees and Costs and Service Awards
5  ("Ozga Decl."), ¶¶ 4, 6-10, 13.) The requirements of Rule 23(b)(3) also have been satisfied, in
6  that the parties have established that common questions of law and fact predominate and that a
7  class action is a superior method to resolve this litigation.

8        The Court also finds that the manner and form of notice as set forth in the Settlement
9  Agreement, which the Court previously approved, is reasonably calculated to give actual notice
10 to the Class Members of the fact of the settlement, the right to receive settlement benefits, the
11 right to be excluded from the settlement, and to raise objections to the settlement. (*See*
12 Declaration of Alejandra Zarate ("Zarate Decl."), ¶¶ 1-15.)

13       The Court finds that the terms of the Settlement are fair, adequate and reasonable. As
14 noted, the settlement was reached after the parties engaged in discovery, conducted a
15 meditation, and continued to engage in arms-length negotiations. The parties agreed to a
16 Settlement payment of $1,800,000.00, none of which will revert to the Defendant. The overall
17 reaction to the settlement has been positive. The Claims Administrator has received 156 claim
18 forms from the 270 Class Members. (*Id.,* ¶¶ 20-21.) Neither the Claims Administrator nor the
19 Court received any objections to the Settlement. No Class Member appeared at the final
20 approval hearing to object. According to the Claims Administrator, assuming the Court were to
21 grant in full Plaintiff's motion for attorneys' fees and costs and service awards, approximately
22 $1,108,917.72 would be available to distribute Class Members who submitted timely claim
23 forms, for an average award of just over $7,000. (*Id.* ¶¶ 16-18.)

24       The Court also concludes that the costs to be paid to the Claims Administrator are
25 reasonable. (*See* Zarate Decl. ¶ 24; Declaration of Alejandra Zarate in Support of Settlement
26 Administrator's Fees, ¶¶ 1-5, Ex. A.) Accordingly, the Claims Administrator shall be paid
27 $10,000.00 from the Settlement Fund.

28       Accordingly, Plaintiff's motion for final approval of the settlement is GRANTED.

**B.    The Motion for Approval of Attorneys' Fees and Costs and Service Awards is Granted in Part.**

In his motion for approval of attorneys' fees and costs and service awards, Plaintiff asks the Court to award $600,000.00 in attorneys' fees, $11,274.89 in costs, and $10,000.00 in service awards to him and to class member Boris Moskovich.

Pursuant to Rule 23(h), a court may order reasonable attorneys' fees and costs as part of the parties' settlement. In a case where a common fund is established, a court has discretion to award attorneys' fees based on a percentage of recovery theory or based on the lodestar method. *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994). Plaintiff asks the Court to award attorneys' fees based on the percentage method and seeks an award that amounts to 33 1/3% of the Settlement Fund. The Ninth Circuit has established 25% as the benchmark for awards under the percentage method, although it also has noted that this figure can be varied. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (noting that 25% is benchmark and "usual" range of awards is 20-30%); *Hanlon*, 150 F.3d at 1029 (stating that 25% is benchmark). In order to assess whether the percentage sought by counsel is reasonable, the Court may consider the following factors: (1) the results achieved; (2) the risk involved with the litigation; (3) the skill required and quality of work by counsel; (4) the contingent nature of the fee; and (5) awards made in similar cases.

Applying these factors, the Court concludes that a deviation from the benchmark is warranted, but not to the degree requested by counsel.[1] The Court concludes that counsel did achieve an excellent result for the class, that the reaction to the settlement has been overwhelmingly positive, and that Plaintiff faced significant risk in prosecuting this case given the uncertain state of California law in similar wage and hour cases. The Court also recognizes that other courts have awarded settlement fees of up to 33 1/3% in such cases. However, the

---

[1] The Court reaches this conclusion based in part on counsel's estimated lodestar of approximately $260,000.00 as of the date of the final approval hearing. (Declaration of Carolyn H. Cottrell in Support of Plaintiff's Motion for Approval of Attorneys' Fees and Costs and Service Awards ("Cottrell Decl."), ¶¶ 10-11, Ex. A; Carson Decl. ¶¶ 10-14.) Thus, counsel seeks an award of fees that, under the lodestar method, would include a multiplier of approximately 2.3 to the anticipated lodestar.

4

parties reached this settlement quickly and did not engage in any motion practice. *See, e.g., Navarro v. Servisair*, 2010 WL 1729538 (N.D. Cal. Apr. 27, 2010) (finding that proposed award of 30% of settlement fund unjustifiably departed from benchmark based in part on speed with which parties reached a settlement). Moreover, the requested percentage would amount to award that is more than double the fees actually incurred by counsel. *Compare Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010) (awarding 33 1/3% of settlement fund which was "significantly less" than asserted lodestar).

The Court finds that given the circumstances of this case, an award of $520,000.00 is reasonable. The Court also has considered counsels' requests for costs in the amount of $11,274.89 and finds that they are reasonable and supported by the record. (Cottrell Decl., ¶¶ 10, 15, Ex. B; Carson Decl. ¶ 16.)

Plaintiff also seeks service awards in the amount of $10,000.00 for himself and Class Member Boris Moskovich. Having considered the declarations submitted by Mr. Ozga and Mr. Moskovich, the Court finds that these awards are warranted.

Accordingly, Plaintiff's Motion for Approval of Attorneys' Fees and Costs and Service Awards is GRANTED IN PART.

## CONCLUSION

For the reasons set forth in this Order, Plaintiff's motion for final approval of the settlement is granted, and Plaintiff's motion for approval of attorneys' fees and costs and service awards is granted in part. The Court shall retain jurisdiction over this matter for the limited purpose of overseeing settlement proceedings. The Clerk is directed to administratively close this case, pending the filing of a request for dismissal by the parties.

**IT IS SO ORDERED.**

Dated: August 9, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE